UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JACQUELINE SHEARER and JOHN SWEENEY, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Cause No. 3:19-CV-965-PPS-MGG |
| THOR MOTOR COACH, INC., | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

On September 3, 2017, Plaintiffs Jacqueline Shearer and John Sweeney purchased a 2017 Thor Challenger KT for approximately $180,000 from Defendant Thor Motor Coach Inc.'s authorized dealer. [DE 16 at ¶ 13.] Thor manufactured the RV at issue here and its limited warranty for the RV states that a cause of action must be brought within 15 months from the date of delivery. [DE 18-1.] Soon after Plaintiffs purchased the RV, they discovered numerous defects and were continuously taking it back for repairs. [DE 16 at ¶¶ 17, 21-22, 31.] Every time the RV was returned, more defects arose and out of the first two years of ownership, the RV was in a repair shop for more than 500 days. [*Id.* at ¶ 58.] Plaintiffs claim to have been in constant communication with Thor and its dealer, exchanging emails and telephone calls, but that Thor gave them the run around. [*Id.* at ¶¶ 28, 30, 35, 37-4.]

The 15-month statute of limitations applicable here expired in December 2018. Prior to that, Plaintiffs hired an attorney to deal with Thor. Counsel sent demand letters

to Thor on October 17, 2018, November 7, 2018, December 7, 2018, February 7, 2019, and September 18, 2019.  [*Id.* at ¶¶ 46, 48, 56; DE 28 at 2.]   Plaintiffs filed this lawsuit on October 30, 2019, almost 26 months after purchasing it, nearly 6 months after its last repair, and over 10 months after expiration of the statute of limitations. They alleged breach of warranty, breach of contract, violations of the Magnuson-Moss Warranty Act and Florida's Deceptive and Unfair Trade Practices Act. [DE 1.]

Thor moved to dismiss, and I granted the motion without prejudice, dismissing the warranty claims, on the basis that the 15-month statute of limitations had run. (I won't repeat in this opinion all that was said in that lengthy opinion, familiarity with which is assumed here). [DE 15.] Even though violation of a statute of limitations is ordinarily an affirmative defense, Plaintiffs had pleaded themselves out of court. In granting leave to amend I directed Plaintiffs to allege facts that could toll the statute of limitations on the theory of equitable estoppel as to their breach of express warranty and Magnuson-Moss claims. I also granted dismissal of the FDUTPA claim for a lack of a plausible factual basis.  But I also granted the Plaintiffs leave to amend. [DE 15.]

On July 30, 2020, Plaintiffs filed their Second Amended Complaint, re-alleging the original claims. [DE 16.] A Third Amended Complaint was later filed by agreement of the parties, but it merely corrected a couple of typographical errors in the Second

Amended Complaint. [DE 28.] Presently before me is Thor's Motion to Dismiss [DE 17, 18, 23, 26] the operative complaint and Plaintiffs' Motion to Strike. [DE 27, 29.][1]

## Discussion

In order to survive a motion to dismiss, a complaint must state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he plaintiff [must] plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Triad Assoc. v. Chicago Housing Authority*, 892 F.2d 583, 586 (7th Cir. 1989). At this early dismissal stage, I must "draw all reasonable inferences of fact in the non-movant's favor." *Gibson v. Am. Cyanamid Co.,* 760 F.3d 600, 605 (7th Cir. 2014).

Plaintiffs do not include the warranty with their amended complaint, but since they reference it throughout the complaint and it is integral to their claims, I may properly consider it at this stage in the litigation. Documents referenced or relied on to some degree by the complaint may be properly considered in a motion to dismiss.

---

[1] Plaintiffs' Motion to Strike [DE 27] asks me to strike portions of Defendant's reply. This motion has also been fully briefed. [DE 27, 29.] Because I can distinguish which arguments and evidence may properly be considered when deciding whether dismissal is appropriate, I deny Plaintiffs' Motion to Strike. I have noted Plaintiffs' objections and will consider the objections to the extent they arise in my analysis.

*Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (stating that referenced documents are appropriate for consideration during a motion to dismiss when plaintiff cites them in the complaint or "to some degree, relied on their contents as support for her claims."). Because the warranty was silent on which state law applies, Florida or Indiana, I determined in my previous order that Indiana law applies. [DE 15 at 6-9.] Under Indiana law, parties may contract to shorten the statute of limitations down to one year. *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 376 (Ind. 2019) ("[T]he UCC allows parties four years to bring a lawsuit once a cause of action arises from a sales contract. While the parties may not extend this limitations period beyond four years, they may reduce the period to one year.") (citing Ind. Code § 26-1-2-725(1)). The warranty describes what repairs it will and will not cover and how customers may get service. [DE 18-1.] It further states in the "Coverage Ends" section that any breach of this or any implied warranties must be commenced within 15 months of delivery, or December 3, 2018 in this case. *Id.*

The original complaint in this case was obviously filed well outside the 15-month limitations period. The RV was purchased on September 3, 2017 and this lawsuit was commenced on October 30, 2019. The issue is whether equitable estoppel should apply to extend the limitations period. Under Indiana law, equitable estoppel requires a plaintiff to show: "1) a representation or concealment of a material fact; 2) made by a party with knowledge of the fact and with the intention that the other party act upon it; 3) to a party ignorant of the fact; and 4) which induces the other party to rely or act

upon the fact to his detriment." *Caito Foods v. Keyes*, 799 N.E.2d 1200, 1202 (Ind. Ct. App. 2003). Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." *Roasado v. Gonzales*, 832 F.3d 714, 716 (7th Cir. 2016) (citing *Shropshear v. Corp. Counsel of Chicago*, 275 F.3d 593, 595 (7th Cir. 2001)). There must be "efforts by defendant, above and beyond the wrongdoing upon which the plaintiff's claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Shropshear*, 275 F.3d at 595; *see also Kenworth*, 134 N.E.3d at 383 (a defendant's conduct "must be of a sufficient affirmative character to prevent inquiry or to elude investigation or to mislead and hinder." (internal citation omitted)). The party claiming estoppel bears the burden of proof. *Kennedy v. United States*, 965 F.2d 413, 417 (7th Cir. 1992).

So, I turn to the operative complaint [DE 16] to determine whether Plaintiffs pleaded factual allegations that support a theory of equitable estoppel so that their breach of express warranty and Magnuson-Moss claims may proceed past the dismissal stage. *Twombly*, 550 U.S. at 570. Specifically, I am looking for active steps or efforts by defendant that prevented the Plaintiffs from suing in time. *Roasado*, 832 F.3d at 716, *Shropshear*, 275 F.3d at 595, *Kenworth*, 134 N.E.3d at 383.

Plaintiffs allege that between May 2018 and August 2018, they called Thor and its authorized dealers over two dozen times and Thor's representatives were "rude to Plaintiffs, refused to help Plaintiffs with their warranty repair concerns, and dismissed Plaintiffs' warranty concerns, and [] stalled and delayed in approving warranty repairs

and parts orders." [DE 16 at ¶ 24.] They also allege they emailed Thor during this time, and Thor similarly promised to make repairs and "claimed the warranty could be extended," were rude, and "stalled and delayed." [*Id.* at ¶ 25.] Plaintiffs further allege that one of Thor's employees "apparently deleted Plaintiffs communications in its system" before being fired. [*Id.* at ¶¶ 24-25.]

None of these allegations strike me as actions that were intended to deceive, trick, or dissuade Plaintiffs from pursuing their rights on their own. Nor are they above and beyond the wrongdoing on which the claims are founded. *Shropshear*, 275 F.3d at 595. Instead, as pleaded, the amended complaint suggests that Thor and its authorized dealers made promises to repair the RV, attempted to repair it multiple times, and communicated with Plaintiffs and their attorney. [DE 16 at 31 ¶ 28-31.] Plaintiffs, having taken the RV in multiple times for extensive repairs, knew of these problems and could have filed this lawsuit at any time prior to expiration of the statute of limitations. In fact, they hired an attorney at least 45 days prior to the expiration of the limitations period. Recall that, according to the operative complaint, the first demand letter from the Plaintiffs' attorney to Thor was dated October 17, 2018, well before the running of the statute of limitations. [DE 16 ¶ 46.] What's more, the allegedly abrasive conduct by Thor was hardly of the sort to lull Plaintiffs into sleeping on their rights. On the contrary, it is precisely the kind of behavior that often prompts litigation.

The closest Plaintiffs come to allegations of deception is Thor "[t]elling Plaintiffs they could obtain a warranty extension once they had the RV back in their possession,

but not before, then failing to extend Plaintiffs' warranty." [*Id.* at ¶ 35.] However, this generalized allegation is not a promise to extend the statute of limitations to file an action and then failing to do so. This does not include "efforts by defendant, above and beyond the wrongdoing upon which plaintiff[s'] claim is founded, to prevent, by fraud or deception, the plaintiff from suing in time." *Shropshear*, 275 F.3d at 595. I cannot parse from this allegation any affirmative action by Thor which lulled Plaintiffs into complacency or misled Plaintiffs into holding off on filing a lawsuit.

Plaintiffs fail to point me to any specific actions or statements by Thor that led them into a false sense of security or inaction to miss the statute of limitations deadline. Plaintiffs point instead to a number of instances in which Thor was allegedly rude and unresponsive [DE 16 at ¶¶ 24-27, 30-44], failed to repair the RV, send parts or a representative [*Id.* at 31, ¶¶ 29-31], and dangled the possibility of extending the warranty [*Id.* at 31, ¶ 45]. These facts do not rise to the level of conduct contemplated by equitable estoppel.

In sum, Plaintiffs have not shown that any affirmative misconduct by Thor prevented them from suing in time. *Roasado*, 832 F.3d at 716-17. Without some allegation that Thor obstructed their ability to file suit, or that they had insufficient time to file a complaint, Plaintiffs cannot demonstrate that Defendant prevented them from suing in time. While I can make inferences in favor of the plaintiffs at this stage, I cannot make up unpled facts in their favor. By October 2018, a month and half before the limitations period ran, the Plaintiffs knew they bought an RV riddled with problems

from a company that wasn't doing a whole lot to make things right. And, to boot, they met with a lawyer about it. At that point, they should have filed a lawsuit.

Finally, in my previous order, I allowed Plaintiffs the opportunity to amend their complaint and provide "enough facts to state a claim to relief that is plausible on its face" under the Florida Deceptive and Unfair Trade Practices Act. *Twombly*, 550 U.S. at 570. The "FDUTPA prohibits '[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce.' The elements comprising a consumer claim for damages under FDUTPA are: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. GM Co.*, 823 F.3d 977, 986 (11th Cir. 2016); Fla. Stat. § 501.204(1). Because "[a] practice may be both unfair and deceptive or it may be unfair without being deceptive . . . courts consider unfair practices and deceptive acts as presenting 'distinct lines of inquiry.'" *Vision Constr. Ent Inc. v. Argos Ready Mix LLC*, 2019 U.S. Dist. LEXIS 234569, at *19, n.19, 2019 WL 11075886 at *7, n.19 (N.D. Fla. 2019) (citing *Orkin Exterminating Co., Inc. v. F.T.C.*, 849 F.2d 1254, 1368 (11th Cir. 1988)). "A deceptive practice is one that is 'likely to mislead' consumers." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). Whereas unfairness "requires that the injury to the consumer (1) must be substantial; (2) must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and (3) must be an injury that consumers

themselves could not reasonably have avoided." *Porsche Cars N. Am., Inc. v. Diamond*, 140 So. 3d 1090, 1096 (Fla. Ct. App. 3d. 2014).[2]

I first look to the operative complaint to determine whether Plaintiffs made an FDUTPA claim for a deceptive practice. Plaintiffs make numerous allegations, including: that the purchased RV lacked performance, characteristics, accessories, benefits, uses, and quality as the advertised RV, that the RV was not repaired within a stated period of time, that Thor refused to accept return of the RV and rescind the transaction, that Thor stalled and delayed repairs, that Thor failed to remedy defects within a certain number of attempts in a reasonable amount of time, and that Thor had unequal bargaining power. [DE 16 at 26-32.] Plaintiffs also allege "the advertisement involved or did not involve a warranty and/or contract . . .," that the terms of the contract and warranty oppressed Plaintiffs, and that they purchased "the RV in reliance on the existence of a written warranty and/or contract." [DE 16 at 5, ¶ 14 and 26-28, ¶¶ 80, 82(3), 82(28), 82(15).] As previously discussed, the problem here is that Plaintiffs' allegations are ambiguous and fail to allege or identify any deceptive conduct by Thor. *See Varnes v. Home Depot USA, Inc.*, 2012 U.S. Dist. LEXIS 163301, at *1, 2012 WL 5611055, *1 (M.D. Fla. 2012) ("Formulaic recitation of the elements under FDUTPA using conclusory statements is not enough to state a cause of action. If the Plaintiff wishes to bring a FDUTPA claim . . . he must allege facts that show unfair or deceptive

---

[2] *See also FTC Policy Statement on Unfairness*, FTC (Dec. 17, 1980), www.ftc.gov/public-statements/1980/12/ftc-policy-statement-unfairness).

conduct and note which of his factual allegations support a FDUTPA claim." (internal citation omitted)). Similar to the previous complaint, Plaintiffs repeat that Thor engaged in deceptive practices but failed to describe actions that qualify as deceptive under the FDUTPA and I cannot infer from these allegations any deceptive conduct on the part of Thor. *Warren Tech v. UL LLC,* 962 F.3d 1324, 1328 (11th Cir. 2020) (stating "though a court considering a motion to dismiss generally accepts the non-moving party's allegations as true, a court is not required to credit conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts." (internal quotation and citation omitted)). Instead of factual allegations that Thor intended to deceive its customers, the amended complaint lists general and conclusory violations. Perhaps Thor and its agents were dismissive and rude, and maybe they did a lousy job fixing the Plaintiffs' RV, but nowhere is it alleged that they engaged in *deceptive* behavior.

The next question is whether there are allegations in the operative complaint of an "unfair" practice. Plaintiffs allege Thor falsely advertised the quality of the RV. However, these allegations "are not the kind of representations for which the FDUTPA provides redress" but rather are opinion statements which constitute non-actionable puffery. *Smith v. Forest River, Inc.*, 2019 Dist. LEXIS 205661, at *7 (S.D. Fla. Nov. 25, 2019); *see Warren Tech,* 962 F.3d at 1328; *see Osmose, Inc. v. Viance, LLC*, 612 F.3d 1298, 1311 (11th Cir. 2010); *see also MDVIP Inc. v. Beber*, 222 So. 3d 555, 61 (Fla. Dist. Ct. App. 2017) ("A promise to deliver an 'exceptional' product or service is a matter of opinion rather than fact, and constitutes non-actionable puffery.")

Plaintiffs also make multiple allegations that Thor breached the contract and warranty. [DE 16, 26-32.] However, "breaches of contract, without more, are insufficient to state a claim under the statute." *Matrix Group Ltd., Inc. v. Rawlings Sporting Goods Co.*, 477 F.3d 583, 596 (8th Cir. 2007); *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 n.2 (Fla. 2003) (holding that not "every breach of contract or breach of lease case [arises to] a claim under the [FDUTPA].")). This generalized list of alleged wrongs fails to find any factual support. *Warren Tech*, 962 F.3d at 1328. In my last order, I implored upon Plaintiffs to give me the "who, what, when, where, why, and how." [DE 15 at 23-24.] Instead, Plaintiffs continue to make the same arguments lacking the same factual basis as the original complaint. Even reading the amended complaint in the light most favorable to Plaintiffs, they fail to provide facts that rise to the level of "unfair" practices under the FDUTPA.

In sum, while Plaintiffs allege Thor's conduct is unprofessional, it does not rise to the level of being deceptive or unfair under Florida law. Successful plaintiffs in FDUTPA cases provide allegations of "significant deception or malice," *Matrix Group Ltd., Inc.*, 477 F.3d at 596, or unfair conduct by Thor which were actionable under the FDUTPA. *Porsche Cars*, 140 So. 3d at 1096. Without concrete facts that support "allegations of bad faith negotiations," "deception during the life of the contract," or malice, I cannot find that Plaintiffs have adequately pleaded a claim under the FDUTPA. *Matrix Group Ltd., Inc.*, 477 F.3d at 596.

**Conclusion**

Defendant Thor Motor Coach Inc.'s Motion to Dismiss [DE 17] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Plaintiff's Motion to Strike [DE 27] is **DENIED**. The Clerk is directed to close this case.

**Entered on March 22, 2021.**

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT